**ROBERTS et al. v. CURTIS et al.**

Civ. A. No. 2192–50.

United States District Court
District of Columbia.

Oct. 5, 1950.

Harry W. Goldberg, of Washington, D. C., for the defendants, for the motion.

John H. Connaughton, of Washington, D. C., for the plaintiffs, opposed.

HOLTZOFF, District Judge.

This is an action for damages for the breach of a restrictive covenant not to sell certain property to members of the colored race. For a great many years covenants of this type were regarded as valid in this jurisdiction and were enforced by the courts.

In the cases of Hurd v. Hodge, 334 U.S. 24, 25, 68 S.Ct. 847, 92 L.Ed 1187, and Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, however, the Supreme Court changed the prior rules of law applicable to these covenants. The Supreme Court held that such contracts are not invalid so long as their purposes are achieved by voluntary adherence of the parties to the terms of the agreement. The Supreme Court further held that it was contrary to the Fourteenth and Fifteenth Amendments to the Constitution and contrary to public policy to aid in the enforcement of such covenants by judicial proceedings. Although the actions involved in those cases were suits for injunctions, the ruling is broad enough to cover actions for damages as well.

I construe the ruling of the Supreme Court as withholding any assistance by way of judicial action of any kind from the enforcement of such restrictive covenants. Obviously this ruling is binding on this Court.

In view of these circumstances and in view of this line of reasoning, it seems inescapable that the motion to dismiss must be granted.